# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
|  | ) Case No. 1:20-MJ-2615-BECERRA |
| Guillermo Eduardo Ramirez-Peyro, a/k/a "Lalo" | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II – Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III – Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong

☒ Subject to lengthy period of incarceration if convicted

☐ Prior criminal history

☐ Participation in criminal activity while on probation, parole, or supervision

☒ History of violence or use of weapons

☐ History of alcohol or substance abuse

☐ Lack of stable employment

☐ Lack of stable residence

☐ Lack of financially responsible sureties

☒ Lack of significant community or family ties to this district

☒ Significant family or other ties outside the United States

☒ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☒ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On April 20, 2020, the Court held a hearing pursuant to 18 U.S.C. § 3142(f)(1), to determine whether the Defendant should be detained prior to trial. At that hearing, the Court heard evidence that, on or about March 23, 2020, the Defendant met with a law enforcement confidential source ("CS") in Miramar, Florida, and discussed purchasing multiple kilograms of cocaine from the CS. The Defendant indicated he wished to purchase five kilograms of cocaine from the CS for approximately $120,000.00. That meeting was audio and video recorded. The Defendant subsequently made a down-payment of $13,500.00 to the CS for the future cocaine purchase.

On or about March 24, 2020, the Defendant and an additional co-conspirator met the CS in Miramar, Florida. During the meeting, the Defendant and the co-conspirator provided the CS with an additional $6,500.00 down payment for the future cocaine purchase. That meeting was recorded with audio and video

On or about April 16, 2020, the Defendant and the CS again met in Miramar, Florida. During the meeting, the CS and the Defendant discussed the specifics of the cocaine transaction that they scheduled to occur the following day. That meeting was audio and video recorded.

On or about April 17, 2020, the Defendant, a co-conspirator "Pollo," and the CS met in Miramar, Florida. During the meeting, the Defendant said he needed to pick up the money for the five kilograms of cocaine in the area of Hialeah, Florida. The Defendant then showed the CS a photograph of the address on his telephone. The Defendant indicated he would call the CS when he had the money. That meeting was audio and video recorded.

Surveillance was maintained on the Defendant and Pollo as they drove to the residence in HIaleah. Surveillance saw the Defendant and Pollo enter that residence and the Defendant exited a short while later. Pollo remained in the Residence. The Defendant then called the CS and told the CS that he had the money. The Defendant and the CS met at a Hilton Garden Inn in Miramar, and the Defendant showed the CS a bag full of money for the cocaine that he had in the trunk of the car he was driving.

After seeing the money, the CS told the Defendant the cocaine was located at a different location in Miaramar. As the Defendant was driving to pick up the cocaine, he was stopped by Miramar Police Department. Miramar Police Department subsequently recovered $50,000.00 from the car. That was the same money the Defendant had shown to the CS, and that the Defendant intended to use to purchase the five kilograms of cocaine from the CS. A K-9 sniff test was conducted on the money, and the K-9 gave a positive indication for the presence of narcotics. The Defendant was in possession of a Mexican passport, and Puerto Rican drivers' license, and a US work authorization card.

The government also proffered that Defendant was a member of the former Juarez cartel, currently known as the Sinaloa cartel.

Evidence was also presented that the Defendant had an immigration detainer on him, has connections to Mexico, has connections to the Mexican cartels, and has no connections to Miami.

Having considered the evidence and arguments of counsel presented at the hearing, the Court finds, by a preponderance of the evidence, that the Defendant poses a reasonable risk of flight if allowed to be out on bond.  This is based on the lengthy mandatory-minimum sentence he faces here if convicted, the strong evidence against him, the Defendant's Mexican citizenship, his connections to Mexico and the Mexican cartels, the immigration detainer on the Defendant, the multiple identification documents the Defendant was carrying, and the Defendant's lack of connections in the Miami area. In light of the foregoing, the Government has shown by a preponderance of the evidence that the Defendant poses a reasonable risk of flight.

The Court also finds, by clear and convincing evidence, that the Defendant poses a danger to the community.  This is based on the quantity of drugs involved in the Defendant's crime, and the strength of the evidence against him.

Based on all of the above, the Court finds that the Defendant is both a risk of flight, and a danger to the community.  Detention is therefore appropriate on each of those bases.

### Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     April 24, 2020

United States Magistrate Judge